Kieran G. Doyle (kgd@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
*Attorneys for Plaintiff MG Wellington, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MG WELLINGTON, LLC, DBA KIDFRESH<br><br>Plaintiff,<br><br>v.<br><br>FRESHKIDS, LLC,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, MG Wellington, LLC, dba Kidfresh, for its Complaint against Defendant, Freshkids, LLC, hereby alleges as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action for (i) trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false representations, descriptions and designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of the common law of the State of New York; and (iv) cancellation of Defendant's U.S. Trademark Registration No. 4,754,759.

2. Plaintiff and Defendant are direct competitors. Both companies offer health-oriented food products. Both companies cater to children. Both companies use whimsical, cartoon imagery on their packaging. Both companies sell through supermarket chains.

27869/000/1788995.1

3. Since 2007, Plaintiff has marketed its line of healthy meals, snacks and desserts for children under the trademark KIDFRESH. The goods which have been sold under the KIDFRESH mark include prepared breakfasts, lunches and dinners, snack foods, beverages and desserts. Plaintiff has also offered restaurant services and retail services under the KIDFRESH mark.

4. Defendant did not enter the market with health-oriented food products geared toward children until 2014. And when it did, Defendant chose to adopt as its mark FRESHKIDS, a mark that so closely resembles Plaintiff's KIDFRESH mark as to constitute infringement and unfair competition.

5. Plaintiff brings this action for damages and injunctive relief, among other reasons, (i) to prevent Defendant from infringing Plaintiff's trademarks and deceiving the public and (ii) to obtain damages and other appropriate relief resulting from the violations as set forth herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

7. This Court has supplemental jurisdiction over the claims arising under the laws of the State of New York pursuant to 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant resides in this District and acts giving rise to this action are taking place in this District.

## THE PARTIES

9. Plaintiff is a Delaware limited liability company, with offices located at 315 Fifth Avenue, Suite 40, New York, New York 10016.

10. Plaintiff is engaged, *inter alia*, in the business of designing, manufacturing, and distributing throughout the United States a wide variety of food products.

11. Upon information and belief, Defendant Freshkids, LLC is a Virginia Limited Liability Company with addresses of 6126 Leeds Manor Rd, Hume, VA, 22639, West 38th St., New York, New York and West 26th St, New York, New York.

12. Upon Information and belief, Defendant owns United States Trademark Application Number 86/500,490 and United States Trademark Registration Number 4,754,759, both for the mark FRESHKIDS.

## FACTUAL BACKGROUND

### *Plaintiff's Business and Trademark*

13. In 2007 Mathias Cohen, Plaintiff's founder and CEO, launched the KIDFRESH brand. From the start, it was Mr. Cohen's goal to design, create and provide for young children healthier, natural alternatives to the typical prepared meals, snacks, beverages and desserts available in the market.

14. For its initial foray into the world of healthy food for young children, Plaintiff and Mr. Cohen establish a New York City restaurant, kitchen and retail store called KIDFRESH. Parents and children could take cooking classes at KIDFRESH, eat at the KIDFRESH restaurant and buy KIDFRESH branded packaged meals, snacks, beverages and desserts for later use at home. Plaintiff also sold its KIDFRESH products through its own website.

15. The KIDFRESH restaurant, store and line of food and beverage products received substantial media attention. Magazines, newspapers and television programs ran feature stories celebrating the healthy and child-friendly KIDFRESH products.

27869/000/1788995.1

16. As a result of its immediate popular success and widespread media attention, Plaintiff quickly began selling its KIDFRESH health-oriented packaged meals, snacks, beverages and desserts through other retail locations. For example, KIDFRESH products were sold through caterers, at Build-A-Bear stores, at FAO Schwartz stores, in Whole Foods grocery stores, and at several Kidfresh-branded displays at JFK International Airport Terminals.

17. Next, Plaintiff pivoted toward major national supermarket chains investing considerable effort, human resources and money to bring the KIDFRESH brand to the "next level."

18. As a result of these efforts and Plaintiff's substantial investments in production, marketing and relationship-building, KIDFRESH food products are now available in such national supermarket and retail chains as Kroger, Target, WholeFoods, Giant, Wegmans, A&P, Harris Teeter, King Kullen, Waldbaums, Kings, Pathmark, Stop & Shop, and ShopRite. KIDFRESH products are sold in approximately 6,500 stores nationwide.

19. Plaintiff owns the following United States trademark applications and registration for the KIDFRESH mark: Registration No. 3,615,370 and Application Serial Nos. 86/251,422 and 86/778,171.

20. Plaintiff also owns the KIDFRESH.COM and MYKIDFRESH.COM domain names through which it sells and has sold its KIDFRESH products.

21. As a result of Plaintiff's widespread use of its KIDFRESH mark in connection with its health-oriented products and services geared toward children, Plaintiff's substantial investment of time, money and effort in advertising and promoting its KIDFRESH mark and the services offered thereunder, and the unsolicited media attention the KIDFRESH mark has

received, the KIDFRESH mark has developed substantial public recognition among members of the consuming public.

22. As such, the KIDFRESH mark operates as a unique source identifier associated with Plaintiff and its products and services, and possess significant goodwill of great value to Plaintiff.

*Defendants' Unlawful Activities*

23. Despite Plaintiff's longstanding prior use and registration of its KIDFRESH mark, despite the national success of the KIDFRESH line of health-oriented food and beverages for children products since 2007, and despite the widespread media attention received by the KIDFRESH products, when defendant entered the market with health-oriented chose to adopt FRESHKIDS as its mark and began selling health-oriented food products for children under that name in 2014.

24. Unbeknownst to Plaintiff, on August 29, 2014, Defendant applied to register the mark FRESHKIDS, Application Serial No. 86/381,644, for "coconut water; flavored enhanced water; flavored waters; fruit drinks and juices; fruit flavored drinks; fruit juice; fruit juice bases; fruit juices; fruit juices and fruit drinks; mixed fruit juice; non-alcoholic beverages containing fruit juices; sports drinks; vegetable juice; vegetable juices; vegetable-fruit juices; water beverages" in International Class 32.

25. Defendant's Application No. 86/381,644 matured to Registration No. 4,754,759 on June 16, 2015.

26. Defendant's FRESHKIDS mark (the "Infringing Mark") is confusingly similar to Plaintiff's KIDFRESH mark and conveys the same commercial impression.

5

27. Defendant sells FRESHKIDS-branded food products including snacks and breakfast foods.

28. Like Plaintiff, Defendant distributes its snack foods and breakfast foods through several major supermarket chains. For example, both Plaintiff's KIDFRESH products and Defendant's FRESHKIDS products are sold in ShopRight and Kings stores.

29. Like Plaintiff, Defendant's products and services target the same child-friendly, health-conscious market as Plaintiff's products and services.

30. Given the confusingly similar nature of the Infringing Mark to the KIDFRESH mark, and the goods and services they respectively designate, consumers familiar with Plaintiff's KIDFRESH products and services will likely assume, incorrectly, that Defendant's products and services originate with Plaintiff, or that there is an affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved Defendant's goods and services.

31. Use and Registration of the Infringing Mark in connection with Defendant's health-oriented goods and services geared toward children is likely to cause confusion as to the source and origin of Defendant's goods and services and to cause mistake, or to deceive the public by misleading consumers into believing that Defendant's goods and services emanate from, are approved, authorized, endorsed or sponsored by, or are in some way associated or connected with Plaintiff.

32. On information and belief, Defendant was aware of Plaintiff's KIDFRESH mark prior to their adoption, registration and use of the Infringing Mark, but chose nevertheless to violate Plaintiffs' rights with regard to those marks.

27869/000/1788995.1

## FIRST CAUSE OF ACTION

## (TRADEMARK INFRINGEMENT – FEDERAL)

33. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 30 hereof with the same force and effect as if fully set forth herein.

34. This claim arises under the provisions the Lanham Act, 15 U.S.C. § 1114(1), and is for infringement of registered trademarks.

35. Defendant's use of the Infringing Mark is intended to capitalize on the good will and reputation of Plaintiff's registered KIDFRESH Mark.

36. The activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's KIDFRESH Marks in disregard of Plaintiff's rights, and were commenced and have continued in spite of Defendant's knowledge that the unauthorized use of Defendant's Infringing Mark, was, and is, in direct contravention of Plaintiff's rights.

37. Defendant's use in commerce of Defendant's Infringing Mark is without the consent of the Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to, and does, create the impression that Defendant's products and services emanate from, are approved or sponsored by, or are in some way associated or connected with Plaintiff's products and services, when in fact they are not.

38. Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendant complained of herein in an amount thus far not determined.

## SECOND CAUSE OF ACTION

## (UNFAIR COMPETITION – FEDERAL)

39. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 36 hereof with the same force and effect as if fully set forth herein.

27869/000/1788995.1

40. This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin in false descriptions in representations.

41. Defendant has used in commerce, and will continue use in commerce, in connection with their sale and marketing of services and products, false designations of origin and false designations, words, which tend falsely to describe or represent that such services and products are Plaintiff's services or products or are approved or sponsored by Plaintiff, and/or that Defendant is affiliated, sponsored, owned or controlled by Plaintiff, and have caused or will cause such services and products to enter into commerce with full knowledge of the falsity of such misleading designations of origin in such descriptions and representations, all to the detriment of Plaintiff.

42. Upon information and belief, Defendant has offered or will offer for sale services and products using colorable imitations of Plaintiff's KIDFRESH Mark with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Plaintiff, and improperly to appropriate the valuable trademark rights of Plaintiff.

43. Plaintiff has no adequate remedy at law, and is suffering immediate and irreparable harm and damage as a result of the acts of Defendant complained of herein in an amount thus far not determined.

## THIRD CAUSE OF ACTION
## (UNFAIR COMPETITION – NEW YORK COMMON LAW)

44. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 41 hereof with the same force and effect as if fully set forth herein.

45. Defendant's activities as described above constitute unfair competition under the common law of the State of New York State.

27869/000/1788995.1

46.     Defendant's violations of New York State common law have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

47.     Defendant's violations of New York State common law, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff have no adequate remedy at law.

## FOURTH CAUSE OF ACTION

## (CANCELLATION OF U.S. TRADEMARK REGISTRATION NUMBER 4,754,759)

48.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 45 hereof with the same force and effect as if fully set forth herein.

49.     This claim arises under the trademark laws of the United states for cancellation of U.S. Trademark Registration No. 4,754,759 (the "Registration").

50.     Beginning in 2007, Plaintiff has sold in the United States a wide variety of food products and beverages bearing its KIDFRESH mark.

51.     The goods covered by the Registration are identical and/or closely related to the goods offered and services rendered in connection with Plaintiff's KIDFRESH Mark.

52.     Defendant's Infringing Mark, comprised of the words "KID" and "FRESH" so resembles Plaintiff's KIDFRESH mark as to be likely, when applied to Defendant's goods, to cause confusion, to cause mistake, and to deceive the trade and public, who are likely to believe that Defendant's goods have their origin with Plaintiff and/or that such goods are approved, endorsed or sponsored by Plaintiff or associated in some way with Plaintiff.  Plaintiff would thereby be injured by allowing the continued registration of Defendant's Infringing Mark.

27869/000/1788995.1

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.     That a preliminary and permanent injunction be entered against Defendant and its agents, servants, representatives, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, preliminarily and permanently enjoining them from (i) using any marks, including but not limited to FRESHKIDS, or any other terms, comprising or containing the words KID and FRESH alone or with other elements, or any marks confusingly similar to the KIDFRESH Mark, or which are likely to suggest a connection with Plaintiff, or committing any other act, which falsely represents or which has the effect of falsely representing that the goods or services of Defendant or of any third party are licensed, authorized by, endorsed or in any way associated with Plaintiff; (ii) committing any other acts which falsely represent or which have the effect of falsely representing that Defendant and its goods or services are associated with, authorized, endorsed or sponsored by Plaintiff; or (iii) otherwise competing unfairly with Plaintiff or retaining the benefits of any past unfair competition;

B.     That pursuant to 15 U.S.C. § 1116(a), Defendant be directed to file with the Court and serve upon Plaintiff, within 30 days after the service on Defendant of any injunction issued in this action, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the provisions set forth in Paragraph A;

C.     That Trademark Registration Number 4,754,759 be cancelled.

D.     That Defendant be directed to account to Plaintiff for all gains, profits and advantages derived from their wrongful acts, together with interest thereon;

E.     That Plaintiff be awarded such damages as Plaintiff has sustained as a consequence of Defendant's infringement of the KIDFRESH Mark;

F. That as exemplary damages pursuant to 15 U.S.C. §§ 1117(b) and 1125(c)(2), Plaintiff recover from Defendant three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement;

G. That the Court find this to be an exceptional case and order that Defendant pay to Plaintiff all costs and expenses incurred in this action, together with reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a); and

H. Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of this action.

Dated this 5th day of November, 2015

Respectfully submitted,

_____
Kieran G. Doyle (kgd@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036
Tel: (212)790-9200
Fax: (212) 575-0671
*Attorneys for Plaintiff, MG Wellington, LLC dba Kidfresh*

27869/000/1788995.1